UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CARL JOSEPH MCDANIEL,

        Plaintiff,

        v.                                        Case No. 20-cv-1919-bhl

WISCONSIN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Carl McDaniel, a prisoner who is representing himself, filed a complaint alleging that the defendants are violating the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) at the Oshkosh Correctional Institution (OCI). Through this order, the Court will screen the amended complaint and address McDaniel's various motions and requests for "judicial notice of adjudicative facts."

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS

McDaniel is an inmate at OCI. Dkt. No. 19 at 1. Defendants are the Wisconsin Department of Corrections (DOC), ADA Coordinator Fromolz, and OCI Deputy Warden Jim Zanon. *Id.* at 1-2. McDaniel's amended complaint is confusing and disorganized and discusses many unrelated medical conditions.

McDaniel has "Stress Induced Angina," which flares up when he is housed with a cellmate with whom he has to share toilet access. *Id.* at 3. McDaniel states that, if his cellmate is using the toilet at a time when he feels the urge to use the bathroom, he is incontinent. *Id.* In the past, McDaniel has had to "urinate in a cup or defecate himself in the dayroom." *Id.* McDaniel states that his Stress Induced Angina causes panic attacks, "heart attack like symptoms," severe chest pain, breathing problems, disorientation, and hopelessness. *See id.* at 3-6. While incarcerated at the New Lisbon Correctional Institution, McDaniel's Stress Induced Angina was under control and he was never hospitalized due to anxiety. *Id.* at 4. The same has not been true regarding his incarceration at OCI. *See id.* at 2-8. At OCI, McDaniel has been having 3-4 panic attacks per week due to no toilet access. *Id.* at 4. He has had to go to the ER due to these panic attacks. *Id.*

On September 8, 2020, Fromolz denied McDaniel's ADA request for "removal from top-bunk, single cell" because Stress Induced Angina was not a "disability" that needed "accommodation." *Id.* at 2, 6. Fromolz directed McDaniel to contact the Health Services Unit (HSU) to resolve this issue. *Id.* at 6. McDaniel explains that the New Lisbon Correctional Institution considered his condition a disability and allowed him to have an accommodation for

2

single cell without a top bunk. *Id*. According to McDaniel, two different doctors, Dr. Brooks and Dr. Shomberg (neither of whom are defendants), recommended that he have a single cell without a top bunk. *Id*. at 3-4. McDaniel states that HSU Manager Johnson (not a defendant) "falsified [his] medical records" by refusing to list his medical condition as a "disability" in his medical records. *Id*. at 2-3.

In late September 2020, Nurse Practitioner Nancy Bowens (not a defendant) saw McDaniel for complaints of severe pain. *Id*. at 4. Bowens only prescribed two doses of Tylenol and ice. *Id*. She then "walked out" without resolving his complaints of pain. *Id*.

Between September 2020 and January 2021, McDaniel repeatedly struck his head on the top bunk as he got in and out of bed. *Id*. at 4-6. He has also fallen numerous times. *See id*. Dr. O'Brian (not a defendant) appears to have issued a report in November 2020 which concluded that removal of top bunk "was not orthopedically warranted." *Id*. at 4. On December 31, 2020, Johnson, McGinnis (not a defendant), and a Physical Therapist (not a defendant) went to McDaniel's cell to "ascertain the accessibility of bunk." *Id*. at 6. On that particular day, McDaniel was able to get in and out of bed without hitting his head. *Id*. McDaniel explained that he was in severe pain while performing the movement. *Id*.

On January 18, 2021, McDaniel had another medical appointment with Bowens regarding severe pain from hitting his head and falling. *Id*. at 4-5. According to McDaniel, Bowens did not really examine him—she only "looked" at his injuries from a distance. *Id*. at 5. She did not comment on his swelling or examine his neck/jaw injuries. *Id*. Bowens prescribed "known useless antiseizure meds" and refused to meaningfully treat his pain. *Id*. at 4. She also ordered physical therapy even though she knew from Dr. O'Brien's report that he needed surgery to treat his shoulder. *Id*. Bowens stated that if he "quit" his physical therapy, he could not get surgery. *Id*. McDaniel believes that Bowens was encouraging him to quit physical therapy so that he would not get surgery. *Id*. Bowens also ordered an x-ray for his hips in response to his complaints that he had fallen. *Id*. at 5.

McDaniel also appears to have had a "wheelchair restriction" for a period of time. *See id*. at 4. At some point, it's unclear when, McDaniel got into a wheelchair accident. *Id*. at 6. On January 31, 2021, McDaniel's wheelchair restriction expired, and he could no longer use a wheelchair. *Id*. at 4, 6.

3

On February 7, 2021, staff told McDaniel to report to HSU for another appointment. *Id.* at 6. McDaniel had to walk there, in excruciating pain and in 0-degree weather, because he could not use a wheelchair. *Id.* He was outside for about 20 minutes. *Id.* About 60 yards from the unit, staff had to rush out and escort him to HSU. *Id.* After the appointment, Bowens only prescribed Ibuprofen and did not address his severe chest pains. *Id.*

On March 8, 2021, McDaniel had another panic attack because his cellmate was using the toilet when he had the urge to use the bathroom. Dkt. No. 23, ¶6. McDaniel states that he was unable to catheter while his cellmate was present, which caused incontinence. *Id.* For relief, McDaniel seeks injunctive relief only. Dkt. No. 19 at 7.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). McDaniel asks to proceed under the ADA/RA, and names as defendants the DOC, ADA Coordinator Fromolz, and Deputy Warden Zanon. *See* Dkt. No. 19 at 1, 7.

The ADA applies to prisons and prisoners. *Cassidy v. Ind. Dep't of Corr.*, 199 F.3d 374, 375 (7th Cir. 2000). Its rules are directed to "employers, places of public accommodation, and other organizations, not to the employees or managers of these organizations." *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) (overruled on other grounds). As a result, the proper defendant is the organization or the individual in his or her "official capacity." *Id.* Inmates cannot sue defendants in their personal capacities. *Id.*

The DOC, the ADA Coordinator, and the Deputy Warden are all proper defendants under the ADA/RA, but naming all three is redundant. *See e.g. Williams v. Wexford Health Sources, Inc.,* No. 17-CV-05076, 2020 WL 2767579, at *9 (N.D. Ill. May 28, 2020)("[O]fficial capacity claims against individuals add nothing to the suit when the entity itself is already a defendant.") Therefore, the Court will dismiss Fromolz and Zanon from this case, leaving the DOC as the sole defendant.

To state a claim under the ADA/RA, McDaniel must allege that: (1) he is a qualified individual with a disability; (2) he was denied access to services, programs, or activities of a public

4

entity or otherwise discriminated against by that public entity; and (3) the denial or discrimination was because of his disability. *Shuhaiber v. Illinois Dep't of Corr.*, 980 F.3d 1167, 1170 (7th Cir. 2020) (citing *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015)). The term "disability" means "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. §12102(1)(A). Major life activities include, but are not limited to "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. §12102(2)(A). A refusal to reasonably accommodate a disability is "tantamount to denying access." *Jaros v. Ill. Dep't of Corr.,* 684 F.3d 667, 672 (7th Cir. 2012).

But the ADA is not violated when prison officials fail to "attend to the medical needs of ... disabled prisoners." *Resel v. Fox*, 26 F. App'x 572, 576-77 (7th Cir. 2001) (quoting *Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir. 1996). A claim for inadequate medical treatment is improper under the ADA. *Id.*

McDaniel alleges that he has Stress Induced Angina. He alleges that the DOC did not give him reasonable accommodations for this disability (such as "removal of top-bunk, single-cell"), so he suffers from incontinence and is unable to properly use the bathroom. He states that he has to urinate in a cup or defecate in the dayroom if he has the urge to use the bathroom while his cellmate is using the toilet. He states that other inmates at OCI have received single cell accommodations for incontinence based on their age, but that he has not, because the DOC is discriminating against him based on his disability. McDaniel suggests that the DOC is not taking his disability seriously because they do not believe it is a real disability.

At this early stage, McDaniel has sufficiently alleged an ADA/RA claim against the DOC. The Seventh Circuit has acknowledged that anxiety-related conditions might qualify as a disability under the ADA/RA. *See Wilke v. Cole*, 630 F. App'x 615, 616 (7th Cir. 2015) (noting Paruresis, "a type of social phobia that makes it difficult to urinate in the presence of others," could constitute disability under ADA). Further, failure to accommodate bathroom use substantially limits one or more major life activities, including the ability to care for one's self. Finally, McDaniel states that he was denied accommodations that were given to others similarly situated due to his disability.

McDaniel also alleges facts suggesting that certain individuals at OCI denied him adequate medical care under the Eighth Amendment. McDaniel has not named any of these individuals as defendants in the case, and even if he had, these allegations involve different medical conditions

5

that are unrelated to the claims in this case. Federal Rules of Civil Procedure 18 and 20 require McDaniel to bring these claims in a different lawsuit; he cannot bring unrelated claims against different defendants in the same lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Accordingly, the Court will limit this lawsuit to McDaniel's ADA/RA claims against the DOC regarding the failure to accommodate his Stress Induced Angina and related incontinence. McDaniel cannot proceed with any other claims or allegations in this case.

### MOTIONS AND REQUESTS FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS

McDaniel has filed four motions and requests for judicial notice of adjudicative facts. *See* Dkt. Nos. 21, 23, 25, and 27. In his first motion, McDaniel directs the Court to a prior district court case that he filed, *McDaniel v. Syed*, 17-cv-1493-wcg, that is now pending before the Court of Appeals for the Seventh Circuit. *See* Dkt. No. 21, ¶¶1-5. McDaniel states that the defendants in that case conceded that he has a disability as defined by the ADA and that he was eligible for certain accommodations while incarcerated at a different institution. *Id*. McDaniel also identifies a variety of other medical conditions he has, such as degenerative joint disease, shoulder problems, and broken teeth, that have not been treated properly. *Id*., ¶7.

In his second motion, McDaniel asks the Court to intervene in his state court criminal case to "stop" his sentence modification. *See* Dkt. No. 23, ¶¶1, 4-5. McDaniel states that Nurse Practitioner Nancy Bowens (not a defendant in this case) has ceased treating his medical conditions because he is scheduled for release from custody in 60-75 days. *Id*., ¶¶2-3. McDaniel states that he does not want to be released from custody without first being treated. *Id*., ¶5.

In his third motion, McDaniel identifies an inmate at OCI who received a cell accommodation for "a parallel cell move to a top bunk" following knee surgery, even though this inmate had "full range of motion." *See* Dkt. No. 25, ¶¶1-4. McDaniel states that he was denied that same accommodation, allegedly, because he had full range of motion and therefore did not need the accommodation. *Id*., ¶6. McDaniel believes that he is being discriminated against because of his disability. *Id*.

In his fourth "request" for judicial notice, McDaniel states that other elderly individuals at OCI are receiving an accommodation for "single cell" due to their incontinence, while he is not. Dkt. No. 27, ¶¶1-4. Again, McDaniel believes that he is being discriminated against because of

6

Case 1:20-cv-01919-BHL   Filed 04/16/21   Page 6 of 8   Document 28

his disability. *Id*. McDaniel also identifies several more medical conditions that he has including dental issues and fibromyalgia. *Id*., ¶¶13-16.

The Court may take judicial notice of an adjudicative fact that is not subject to reasonable dispute. *Van Tassell v. United Mktg. Grp., LLC*, 795 F. Supp. 2d 770, 779 (N.D. Ill. 2011). A fact is not subject to reasonable dispute if it is either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *Id.* None of the "facts" alleged in McDaniel's various motions and requests meet this standard. Moreover, McDaniel does not need to establish any facts right now. His allegations alone (without any evidence) are enough to state a claim at this early stage of the litigation. The Court will deny his motions and requests for judicial notice of adjudicative facts.

The Court notes that it has now warned McDaniel three times that cluttering the docket with numerous, unnecessary filings creates confusion and interferes with the ability of the Court and the parties "to secure the just, speedy, and inexpensive determination" of the action. *See* Dkt. Nos. 16, 18, and 22; *see also* Fed. R. Civ. P. 1. McDaniel has ignored these warnings. The Court now puts him on notice that if he continues to waste scarce judicial resources by making meritless filings, he may face sanctions including dismissal of the case.

#### CONCLUSION

The Court concludes that the plaintiff may proceed with an ADA/RA claim against the DOC regarding the failure to accommodate his Stress Induced Angina and related incontinence.

**IT IS ORDERED** that ADA Coordinator Fromolz and Jim Zanon are **DISMISSED** from the case.

**IT IS ORDERED** that the plaintiff's motions and requests for judicial notice of adjudicative facts (Dkt. Nos. 23, 25, and 27) are **DENIED**. The plaintiff is **WARNED** that wasting scarce judicial resources by continuing to make meritless filings may result in sanctions including dismissal of the case.

**IT IS ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the DOC.

7

**IT IS ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, the DOC shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 16th day of April, 2021.

>s/ *Brett H. Ludwig*
>BRETT H. LUDWIG
>United States District Judge