UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

CARL JOSEPH MCDANIEL,

        Plaintiff,

        v.                                                        Case No. 20-cv-1919-bhl

WISCONSIN DEPARTMENT OF
CORRECTIONS,

        Defendant.

_____

## ORDER
_____

Plaintiff Carl McDaniel, who is representing himself, is proceeding with a claim that the Wisconsin Department of Corrections (DOC) violated the Americans with Disabilities Act (ADA) at the Oshkosh Correctional Institution by failing to give him reasonable accommodations for his Stress Induced Angina and/or improperly taking away ADA accommodations that were previously authorized. Dkt. No. 28. This matter comes before the Court on several pending motions: (1) McDaniel's motion for a preliminary injunction; (2) McDaniel's motion, and second motion, for a temporary restraining order; and (3) McDaniel's "motion to include evidence to demonstrate habit: routine practice." Dkt. Nos. 40-41, 44.

McDaniel's motion for a preliminary injunction raises numerous unrelated issues, such as denial of medical care for broken teeth, denial of x-rays for issues with his molar, denial of medical care for a dislocated shoulder, removal from an ADA-compliant cell, denial of a previously authorized wheelchair restriction, asthma, issues with his insulin medication, denial of access to the law library, and retaliation. Dkt. No. 40. A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying complaint and deals with a matter

presented in that underlying complaint. *See Peace v. Pollard*, Case No. 15-cv-481, 2017 WL 564016 at *1 (E.D. Wis. Feb. 10, 2017) (citations omitted). Accordingly, the Court will not address any issue other than McDaniel's alleged removal from an ADA-compliant cell and the alleged denial of a previously authorized wheelchair restriction. The Court will order the DOC to file, within 21 days, a brief response to the motion for a preliminary injunction with an explanation of the facts and circumstances surrounding McDaniel's alleged removal from an ADA-compliant cell and the alleged denial of a previously authorized wheelchair restriction, along with the relevant legal analysis. *See* 18 U.S.C. §3626(a)(2); *see also Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012).

The Court will deny McDaniel's motion, and second motion, for a temporary restraining order as redundant. The motions reiterate the same issues already raised in his motion for a preliminary injunction. *Compare* Dkt. No. 40 *with* Dkt. No. 41.

Finally, the Court will also deny McDaniel's "motion to include evidence to demonstrate habit: routine practice" as unnecessary. Dkt. No. 44. As the Court has already previously explained, the docket is the official record of the filings in the case and should only include pleadings and specific requests for relief (i.e., motions requesting something specific), the supporting declarations and briefs needed to show a right to the relief requested, and the Court's decisions and orders disposing of those requests. "A court's docket is not a Christmas tree on which parties are free to hang whatever ornament they think will improve their case." *Lee v. Armor Correctional Health Services*, No. 19-C-614-WCG, dkt. no. 136 at 4 (E.D. Wis. Jan. 4, 2021). The Court does not need arbitrary pieces of evidence scattered throughout the docket. Any other "motions to include evidence" that McDaniel files in this case will be summarily denied through a text-only order.

**IT IS THEREFORE ORDERED** that the plaintiff's motion, and second motion, for a temporary restraining order (Dkt. Nos. 40-41) and motion to include evidence (Dkt. No. 44) are **DENIED**.

**IT IS FURTHER ORDERED** that the DOC file a brief response to the plaintiff's motion for a preliminary injunction within 21 days of this order. The DOC should limit its response to a brief explanation of the facts and circumstances surrounding McDaniel's alleged removal from an ADA-compliant cell and alleged denial of a previously authorized wheelchair restriction, along with the relevant legal analysis.

Dated at Milwaukee, Wisconsin this 16th day of July, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge