UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CARL JOSEPH MCDANIEL,

      Plaintiff,

      v.                                          Case No. 20-cv-1919-bhl

WISCONSIN DEPARTMENT OF
CORRECTIONS,

      Defendant.

---

## ORDER

---

      Plaintiff Carl McDaniel, who is representing himself, is proceeding with a claim that the Wisconsin Department of Corrections violated the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) by failing to give him reasonable accommodations for his Stress Induced Angina and related incontinence. Dkt. No. 28 at 7. This matter comes before the Court on McDaniel's: (1) motion, and second motion, for a temporary restraining order and preliminary injunction; (2) "motion to allow access to legal library;" and (3) "motion to supplement pleadings of the temporary injunction." Dkt. Nos. 40, 52-53, & 58.

      The Court will begin by denying McDaniel's "motion to allow access to legal library" and "motion to supplement pleadings of the temporary injunction." Dkt. Nos. 52 & 58. Since the Court ordered the defendant to respond to McDaniel's motion for injunctive relief on July 16, 2021, *see* Dkt. No. 45, McDaniel has inundated the Court with numerous unnecessary and irrelevant documents. *See* Dkt. Nos. 52-59, 62-63. For example, McDaniel's "motion to allow access to legal library" states that correctional officers lost their temper when he requested ice; they refused to wear covid masks; and they gave him conduct reports resulting in a 30-day loss of

dayroom privileges. Dkt. No. 52. The remainder of the documents discuss topics ranging from personal disputes with correctional officers, i.e., McDaniel's belief that correctional officers should not be looking at pictures of airplanes or watching YouTube while at work, to numerous medical issues unrelated to this case, including denial of medical care for broken teeth, denial of x-rays for issues with his molar, denial of medical care for a dislocated shoulder, asthma, etc. *See* Dkt. Nos. 53-59, 62-63. The Court has already warned McDaniel many times, *see* Dkt. Nos. 16, 18, 22, 28, 30, & 34, that filing unnecessary documents with the Court wastes judicial resources. The Court will therefore deny McDaniel's "motion to allow access to legal library" and "motion to supplement pleadings of the temporary injunction," and it will not discuss in detail any documents or information that is not directly related to his request for a wheelchair and placement in an ADA-compliant "barrier free cell" for his incontinence-related disability.

As noted above, on July 16, 2021, the Court ordered the defendant to file a response to McDaniel's motion for injunctive relief, which claimed that he needed a wheelchair for his disability and that he was removed from his ADA-compliant "barrier free cell" (Cell W007) on July 1, 2021 for no legitimate reason. Dkt. No. 45. The defendant filed a response on August 6, 2021, explaining that McDaniel currently *has* a wheelchair for long distances (in addition to a seated wheeled walker for short distances), *see* Dkt. No. 47, ¶¶17-18, and that he was moved from Cell W007 on July 1, 2021 because a different inmate with a disability needed that cell. *See* Dkt. No. 46, ¶¶11-16. Specifically, Cell W007 is a cell that has enough space for a walker and a wheelchair, but there are also other accommodations in that cell, such as toilet handrails and removal of a shelf-desk, for McDaniel's cellmate, who needed those accommodations. Dkt. No. 46, ¶13. A different inmate arrived on the unit on or around July 1, 2021 who needed the specific accommodations in Cell W007, so McDaniel was moved to a different cell (W080) that could

accommodate his specific needs. *Id*., ¶¶14-15. The defendant further notes that, upon McDaniel's request for additional accommodations (top bunk removal, no cellmate, one locker, a toilet spacer, bars above his sink/bunk, and removal of the bunk ladder), the institution spoke to his medical care provider, and the medical care provider concluded that McDaniel's incontinence-related disability did not meet the requirements for these additional accommodations. *Id*., ¶16. McDaniel has also been scheduled for physical therapy for his disability and has had regular appointments with medical staff to resolve his other medical issues. Dkt. No. 47, ¶¶10-13, 16.

To obtain a preliminary injunction, McDaniel has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *See* Fed. R. Civ. P 65(b); 18 U.S.C. §3626(a)(2); *see also Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). To establish an ADA/RA claim, McDaniel must provide evidence from which a reasonable jury could conclude that: (1) he is a qualified individual with a disability; (2) he was denied access to services, programs, or activities of a public entity or otherwise discriminated against by that public entity; and (3) the denial or discrimination was because of his disability. *Shuhaiber v. Illinois Dep't of Corr*., 980 F.3d 1167, 1170 (7th Cir. 2020) (citing *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015)).

The record establishes that McDaniel does not have a reasonable likelihood of success on the merits of his claim, making entry of injunctive relief inappropriate. Contrary to McDaniel's claims, he has not been "denied" access to services, programs, or activities of a public entity due to his incontinence-related disability. Rather, the record shows McDaniel currently *has* both a wheelchair and a seated wheeled walker to help him move around the institution with his incontinence-related disability. And the additional accommodations in Cell W007 that were

previously available to McDaniel (toilet handrails and removal of the self-desk) were not necessary for his disability; they were required for his cellmate's disabilities. Indeed, McDaniel's "special handling summary" shows orders for an ace wrap, ADL equipment, brace/sling/splint, a hearing aid, an inhaler, a shower chair, pillows, wedges, a walker, a wheelchair, bowel/bladder/urinal supplies, and extra undergarments. *See* Dkt. No. 46-3. And McDaniel never had an order for any of the other accommodations he claims were discontinued in July 2021 for no legitimate reason.

The Court notes that McDaniel filed a similar motion for injunctive relief in a different case in this district. *See McDaniel v. Syed, et al.*, Case No. 17-cv-1493-wcg, Dkt. No. 197. That case involved the Columbia Correctional Institution and the New Lisbon Correctional Institution, but the injunctive relief sought was the same: no top bunk, no cellmate, handrails around the cell, and removal of various pieces of furniture in the cell to have quicker access to the toilet. *Id*. In McDaniel's other case, the court rejected his request for injunctive relief, concluding he had sufficient access to a toilet in his cell, the same as every non-disabled double-celled inmate, as well as a supply of adult diapers for his incontinence. *Id*. at 16-17. The court also noted that his request to have his own toilet (i.e., no cellmate to share a toilet with) was not a "reasonable" accommodation. *Id*. And his request for removal of certain pieces of furniture in his cell for convenience did not support his claim that he was "denied" access to a program or service. *Id*. Toward that end, the Seventh Circuit has specifically concluded that some inconvenience in using an accommodation, such as having to travel to use an accommodation, is not the same thing as "denial" of an accommodation or program, service, or activity. *See Banks v. Patton*, 743 F. App'x 690, 697 (7th Cir. 2018).

In short, McDaniel still has all of the incontinence-related accommodations that the court found sufficient in his previous case; indeed, he appears now to have received a few additional

accommodations, such as a catheter and extra undergarments. Given the lack of any evidence that his incontinence-related disability has deteriorated, there is no basis for this Court to revisit the findings and analysis it employed in rejected his prior request in his other case. McDaniel appears to be confusing the ADA/RA accommodations he claims to need for his different medical conditions.

The Court also notes that McDaniel's medical records show that he has been offered continuous medical care for his other medical conditions and disabilities since arriving at OCI. The medical records that McDaniel submitted show that he has *refused* medical care on at least ten different occasions since arriving at OCI. *See* Dkt. No. 59-2 at 12-22. These records show that McDaniel has been receiving responsive medical care for his incontinence-related disability and other medical issues.

Because this case is limited to his incontinence-related disability, and the record shows McDaniel is currently receiving adequate accommodations for it, there is no basis for injunctive relief here. The Court concludes that McDaniel does not have a reasonable likelihood of success on the merits on his ADA/RA claim and it will therefore deny his motion for injunctive relief.

**IT IS THEREFORE ORDERED** that the plaintiff's motions for a temporary restraining order and motion for a preliminary injunction (Dkt. Nos. 40 and 53) are **DENIED**; the plaintiff's motion to allow access to legal library (Dkt. No. 52) is **DENIED**; and the plaintiff's motion to supplement pleadings of the temporary injunction (Dkt. No. 58) is **DENIED**.

Dated at Milwaukee, Wisconsin on October 4, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge