UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CARL JOSEPH MCDANIEL,

        Plaintiff,

    v.                                      Case No. 20-cv-1919-bhl

WISCONSIN DEPARTMENT OF
CORRECTIONS,

        Defendant.

---

## DECISION AND ORDER

---

      Plaintiff Carl McDaniel, who is representing himself, is proceeding on a claim that the Wisconsin Department of Corrections (DOC) violated the Americans with Disabilities Act (ADA) by failing to give him reasonable accommodations for his Stress Induced Angina and related incontinence. Dkt. No. 28. Defendant has moved for summary judgment and there are four other pending motions, including McDaniel's requests for injunctive relief and for counsel. Dkt. Nos. 67, 74, 86, 102, and 106. With these motions pending, McDaniel was released from custody. Because his amended complaint seeks only injunctive relief, the Court questioned whether his release rendered the case moot and ordered both parties to address the issue. Defendant complied but McDaniel did not. The Court will deny all pending motions and dismiss McDaniel's case because his release renders his claims moot.

## PROCEDURAL BACKGROUND

      McDaniel filed this lawsuit in December 2020. Dkt. No. 1. On June 6, 2021, the Court entered a scheduling order setting deadlines for discovery (11/16/21) and dispositive motions (12/16/21). *See* Dkt. No. 37. The scheduling order also specifically reminded McDaniel that he

needed to keep the Court advised of his whereabouts and failure to do so could result in dismissal of the case. *Id.*, ¶4.

On July 6, July 13, and September 2, 2021, McDaniel filed motions for a temporary restraining order and preliminary injunction. Dkt. Nos. 40-41, & 53. The Court denied those motions on October 4, 2021, concluding he did not have a reasonable likelihood of success on the merits of the claim. Dkt. No. 64. McDaniel appealed the decision on November 2, 2021. Dkt. No. 69.

While the case was on appeal, Defendant timely filed a motion for summary judgment. Dkt. No. 86. The motion was fully briefed while the interlocutory appeal was pending. Dkt. Nos. 86-101. On June 28, 2022, the Seventh Circuit vacated this Court's October 4 order denying the motion for a preliminary injunction. Dkt. No. 107. In remanding, the Court of Appeals directed this Court to decide the pending summary judgment motion, noting that doing so "may obviate the need for a further ruling on the motion for a preliminary injunction." Dkt. No. 107 at 4.

About two months after the remand, on September 13, 2022, McDaniel was released from DOC custody. *See* WISCONSIN DEPARTMENT OF CORRECTIONS OFFENDER LOCATOR, https://appsdoc.wi.gov/lop/details/detail (last visited October 27, 2022). The Court then ordered both parties to file statements, no later than October 24, 2022, addressing whether McDaniel's release rendered the case and pending motions moot. Dkt. No. 110. The Court also reminded McDaniel that he needed to update the Court on his address following his release from custody and that failing to do so would be grounds for dismissal. *Id*.

On October 21, 2022, Defendant complied with the Court's order by filing a statement contending that McDaniel's release from prison mooted his claim and requiring the dismissal of the entire case. Dkt. No. 111. McDaniel did not file a response. He also did not provide the Court with an updated address.

2

Case 1:20-cv-01919-BHL   Filed 10/27/22   Page 2 of 4   Document 112

# ANALYSIS

McDaniel's release from DOC custody moots this case. For this reason, and because he has failed to comply with the Court's order to file a response and update his address, the Court will dismiss this case.

"Mootness is a constitutional doctrine designed to avoid the issuance of advisory opinions." *E.F.L. v. Prim*, 986 F.3d 959, 962 (7th Cir. 2021). A case becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Watkins v. United States Dist. Ct. for the Cent. Dist. of Illinois*, 37 F.4th 453, 457 (7th Cir. 2022). When that happens, "federal courts lose subject matter jurisdiction over the case." *E.F.L.*, 986 F.3d at 962. "When a question about mootness arises, federal courts have a constitutional obligation to address it—on [it's] own if need be." *Ruggles v. Ruggles*, 49 F.4th 1097, 1099 (7th Cir. 2022).

The Seventh Circuit has long held that a prisoner's claim for injunctive relief is moot when he is no longer incarcerated at the facility that allegedly violated his rights. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (noting that, if a prisoner is transferred to another institution, his request for injunctive relief is moot unless he can make a reasonable showing that he is likely to be re-transferred); *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011). More recently, the Seventh Circuit held that a prisoner's release from DOC custody mooted a claim for injunctive relief under the ADA. *See Pegues v. Coe*, 768 F. App'x 541, 544 (7th Cir. 2019). But mootness has exceptions. *Ciarpaglini v. Norwood*, 817 F.3d 541, 546 (7th Cir. 2016). A court may consider claims that are otherwise moot where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id*.

McDaniel was released from DOC custody on September 13, 2022. The Court is therefore unable to give him the relief he seeks, *i.e.*, an order requiring the DOC to provide him with a wheelchair, a single-person cell containing a toilet, and a bed without an upper bunk at the Oshkosh Correctional Institution. While there are exceptions to the mootness doctrine, there is no evidence

in the record that any such exception applies here. And, while the Court gave McDaniel the chance to explain why his claims are not moot, he has not responded to the Court's September 23 Order. In these circumstances, the Court will not assume or speculate that one applies.

Dismissal is also appropriate given McDaniel's failure to comply with the Court's order. The Court expressly directed McDaniel to file a response on the mootness issue and reminded him of his obligation to keep the Court apprised of his current address. *See* Dkt. No. 110. He did neither. These failures are also sufficient cause for dismissing this case as a sanction for noncompliance with a Court order.

**IT IS HEREBY ORDERED** that all pending motions (Dkt. Nos. 67, 74, 86, 102, and 106) are **DENIED** as moot; and this case is **DISMISSED** as moot. The Clerk's office shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 27, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

4

Case 1:20-cv-01919-BHL    Filed 10/27/22    Page 4 of 4    Document 112